UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

LARRY BELCHER,
Plaintiff,

Case No. 1:12-cv-985

vs

Weber, J.
Litkovitz, M.J.

WARDEN, SOUTHERN OHIO
CORRECTIONAL FACILITY, et al.,
Defendants.

**ORDER AND REPORT AND
RECOMMENDATION**

Plaintiff, a prisoner in state custody at the Southern Ohio Correctional Facility (SOCF) in Lucasville, Ohio, brings this *pro se* civil rights action under 42 U.S.C. § 1983. By separate Order issued this date, plaintiff has been granted leave to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915. This matter is before the Court for a *sua sponte* review of the complaint to determine whether the complaint, or any portion of it, should be dismissed because it is frivolous, malicious, fails to state a claim upon which relief may be granted or seeks monetary relief from a defendant who is immune from such relief. *See* Prison Litigation Reform Act of 1995 § 804, 28 U.S.C. § 1915(e)(2)(B); § 805, 28 U.S.C. § 1915A(b).

In enacting the original *in forma pauperis* statute, Congress recognized that a "litigant whose filing fees and court costs are assumed by the public, unlike a paying litigant, lacks an economic incentive to refrain from filing frivolous, malicious, or repetitive lawsuits." *Denton v. Hernandez,* 504 U.S. 25, 31 (1992) (quoting *Neitzke v. Williams,* 490 U.S. 319, 324 (1989)). To prevent such abusive litigation, Congress has authorized federal courts to dismiss an *in forma pauperis* complaint if they are satisfied that the action is frivolous or malicious. *Id.*; *see*

*also* 28 U.S.C. §§ 1915(e)(2)(B)(i). A complaint may be dismissed as frivolous when the plaintiff cannot make any claim with a rational or arguable basis in fact or law. *Neitzke v. Williams,* 490 U.S. 319, 328-29 (1989); *see also Lawler v. Marshall,* 898 F.2d 1196, 1198 (6th Cir. 1990). An action has no arguable legal basis when the defendant is immune from suit or when plaintiff claims a violation of a legal interest which clearly does not exist. *Neitzke,* 490 U.S. at 327. An action has no arguable factual basis when the allegations are delusional or rise to the level of the irrational or "wholly incredible." *Denton,* 504 U.S. at 32; *Lawler,* 898 F.2d at 1199. The Court need not accept as true factual allegations that are "fantastic or delusional" in reviewing a complaint for frivolousness. *Hill v. Lappin,* 630 F.3d 468, 471 (6th Cir. 2010) (quoting *Neitzke,* 490 U.S. at 328).

Congress also has authorized the *sua sponte* dismissal of complaints that fail to state a claim upon which relief may be granted. 28 U.S.C. §§ 1915 (e)(2)(B)(ii). A complaint filed by a *pro se* plaintiff must be "liberally construed" and "held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus,* 551 U.S. 89, 94 (2007) (per curiam) (quoting *Estelle v. Gamble,* 429 U.S. 97, 106 (1976)). By the same token, however, the complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 570 (2007)); *see also Hill,* 630 F.3d at 470-71 ("dismissal standard articulated in *Iqbal* and *Twombly* governs dismissals for failure to state a claim" under §§ 1915A(b)(1) and 1915(e)(2)(B)(ii)).

"A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal,* 556 U.S. at 678 (citing *Twombly,* 550 U.S. at 556). The Court must accept all well-

2

pleaded factual allegations as true, but need not "accept as true a legal conclusion couched as a factual allegation." *Twombly*, 550 U.S. at 555 (quoting *Papasan v. Allain*, 478 U.S. 265, 286 (1986)). Although a complaint need not contain "detailed factual allegations," it must provide "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 555). A pleading that offers "labels and conclusions" or "a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555. Nor does a complaint suffice if it tenders "naked assertion[s]" devoid of "further factual enhancement." *Id.* at 557. The complaint must "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Erickson*, 551 U.S. at 93 (citations omitted).

Plaintiff brings this action against SOCF's Warden, Donald Morgan, and two SOCF correctional officers identified in the complaint as "M. Brown" and "J. Ridout." (Doc. 1, Complaint, p. 4). Plaintiff alleges that on June 18, 2012, while he was in the "medical holding tank," he "became ill," "passed out" and woke up to find defendants Brown and Ridout "stomping on [his] feet." (*Id.*, p. 5). Plaintiff alleges that when he asked the officers "why they were doing this," defendant Brown told him "get your feet in the cell" and then proceeded to "stomp on" plaintiff's left foot one time. (*Id.*). Plaintiff further alleges that defendant Ridout repeatedly "stomp[ed] on" his feet, and also choked plaintiff with plaintiff's shirt. (*Id.*). Plaintiff states that he "wrote [the] incident up" and submitted a "health request," but that medical staff and the institutional inspector "tried to cover for the C/Os" by "doctor[ing] [his] claims of what his health request was for" and leaving "out the fact that he saw a foot doctor a week later." (*Id.*). Plaintiff claims that his foot was fractured in the assault, which was revealed in a x-ray taken in October 2012. (*Id.*). Plaintiff also claims that he did not receive "any type of pain relief" for the injury to his foot. (*Id.*). As relief, plaintiff requests

3

that defendants Brown and Ridout "be disciplined for their actions" and that "the issue of inmate abuse here at SOCF [be] investigated." (*Id.*, p. 6). Plaintiff also seeks $80,000 in damages. (*Id.*).

Liberally construed, the complaint states a claim for relief under the Eighth Amendment against defendants Brown and Ridout and may proceed at this juncture. *See* 28 U.S.C. § 1915(e)(2)(B).

However, in the absence of any allegations in the complaint even remotely suggesting that SOCF's Warden was involved in, encouraged, or was even aware of the alleged assault or "cover-up" that occurred after the assault, defendant Donald Morgan should be dismissed as a party in this action. To the extent that plaintiff seeks to bring a claim against SOCF's Warden based on his role in supervising the correctional officers who allegedly assaulted plaintiff, plaintiff has not stated an actionable claim for relief under § 1983. It is well-settled that the doctrine of *respondeat superior* does not apply in § 1983 lawsuits to impute liability onto supervisory personnel. *See, e.g., Wingo v. Tennessee Dep't of Corr.*, __ F. App'x __, No. 11-6104, 2012 WL 3871886, at *2 (6th Cir. Sept. 7, 2012) (citing *Polk Cnty. v. Dodson,* 454 U.S. 312, 325 (1981)). "In order to find supervisory personnel liable, a plaintiff must allege that the supervisors were somehow personally involved in the unconstitutional activity of a subordinate, . . . or at least acquiesced in the alleged unconstitutional activity of a subordinate." *Id.* (citing *Dunn v. Tennessee,* 697 F.2d 121, 128 (6th Cir. 1982), and *Bellamy v. Bradley,* 729 F.2d 416, 421 (6th Cir. 1984)). In the instant case, plaintiff has made no such allegation against SOCF's Warden, Donald Morgan. Indeed, plaintiff does not even mention Morgan in the substance of his complaint. Construing the complaint liberally, it may be that plaintiff is suggesting that Warden Morgan may be held liable for failure to enforce prison policies to

prevent inmate abuse by SOCF correctional officers, or to investigate the issue of "inmate abuse" at the prison. However, in the absence of any factual allegations indicating "direct, active participation" in the misconduct alleged herein, plaintiff has "failed to state a plausible claim" against the Warden. *Cf. id.* (involving analogous claim against state correctional supervisory officials); *see also Koch v. Cnty. of Franklin*, No. 2:08cv1127, 2010 WL 23686352, at *10-11 (S.D. Ohio June 10, 2010) (Frost, J.) ("a supervisory official's failure to supervise, control or train the offending individual is not actionable unless the supervisor either encouraged the specific incident of misconduct or in some other way directly participated in it") (internal citations and quotations omitted). Accordingly, it is **RECOMMENDED** that defendant Morgan be dismissed from this action.

### IT IS THEREFORE RECOMMENDED THAT:

Plaintiff's claim against SOCF's Warden, Donald Morgan, be **DISMISSED** on the ground that plaintiff has failed to state a claim upon which relief may be granted under 42 U.S.C. § 1983. *See* 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b).

### IT IS THEREFORE ORDERED THAT:

1. The United States Marshal shall serve a copy of the complaint, summons, the separate Order issued this date granting prisoner *in forma pauperis* status, and this Order and Report and Recommendation upon the remaining defendants, "M. Brown" and "J. Ridout," as directed by plaintiff. All costs of service shall be advanced by the United States.

2. Plaintiff shall serve upon the defendants or, if appearance has been entered by counsel, upon the defendants' attorney(s), a copy of every further pleading or other document submitted for consideration by the Court. Plaintiff shall include with the original paper to be filed with the Clerk of Court a certificate stating the date a true and correct copy of any

document was mailed to defendants or their counsel. Any paper received by a district judge or magistrate judge which has not been filed with the clerk or which fails to include a certificate of service will be disregarded by the Court.

3. Plaintiff shall inform the Court promptly of any changes in his address which may occur during the pendency of this lawsuit.

Date: 1/8/13

Karen L. Litkovitz
United States Magistrate Judge

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF OHIO
### WESTERN DIVISION

| | |
|---|---|
| LARRY BELCHER,<br>Plaintiff, | Case No. 1:12-cv-985 |
| vs | Weber, J.<br>Litkovitz, M.J. |
| WARDEN, SOUTHERN OHIO<br>CORRECTIONAL FACILITY, et al.,<br>Defendants. | |

## NOTICE

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to this Report & Recommendation ("R&R") within **FOURTEEN (14) DAYS** after being served with a copy thereof. That period may be extended further by the Court on timely motion by either side for an extension of time. All objections shall specify the portion(s) of the R&R objected to, and shall be accompanied by a memorandum of law in support of the objections. A party shall respond to an opponent's objections within **FOURTEEN DAYS** after being served with a copy of those objections. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Thomas v. Arn,* 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).

cbc