# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF OHIO
## WESTERN DIVISION

| | |
|---|---|
| LARRY BELCHER,<br>    Plaintiff, | Case No. 1:12-cv-985 |
| vs. | Weber, J.<br>Litkovitz, M.J. |
| WARDEN, SOUTHERN OHIO<br>CORRECTIONAL FACILITY, et al.,<br>    Defendants. | **REPORT AND<br>RECOMMENDATION** |

This matter is before the Court on defendant Jeremy Rideout's motion to dismiss the complaint on the ground it is deficient (Doc. 13) and defendant's motion to dismiss the lawsuit for lack of prosecution pursuant to Fed. R. Civ. P. 41(b) (Doc. 23). Plaintiff has not filed a response to either motion.

Plaintiff, proceeding pro se, filed the complaint in this action *in forma pauperis* on January 9, 2013. (Doc. 3). Defendant Rideout moved to dismiss the complaint on April 12, 2013, on the ground the complaint is deficient because it is not signed. (Doc. 13). In the alternative, in the event the Court chose to issue a deficiency order and plaintiff were to comply by filing a signed version of the complaint, defendant requested that the Court order that the signed complaint be served on both defendant Rideout and defendant M. Brown and that defendants be allowed time to respond. Defendants acknowledged that if plaintiff timely filed a signed complaint in response to a deficiency order, the motion to dismiss would likely be rendered moot.

The undersigned issued a deficiency order on August 2, 2013 (Doc. 21), finding the complaint is deficient pursuant to Fed. R. Civ. P. 11(a), which requires that every pleading,

written motion, and other paper shall be signed by the party personally if the party is not represented by counsel. The deficiency order directed the Clerk of Court to return the complaint to plaintiff, and further directed plaintiff to sign his complaint and return the complaint to the Clerk of Court within 30 days if he still wished to file a complaint in this matter. The deficiency order stated that the Court would defer ruling on defendant Rideout's motion to dismiss (Doc. 13) until plaintiff had an opportunity to comply with the order.

Although more than 30 days have elapsed since plaintiff was served with the deficiency order (*see* Doc. 22), plaintiff has not submitted a signed complaint to date in this action. The unsigned complaint plaintiff originally submitted must be stricken pursuant to Rule 11. *See* Fed. R. Civ. P. 11(a) ("The Court must strike an unsigned paper unless the omission is promptly corrected after being called to the . . . party's attention."). Plaintiff's failure to respond to the deficiency order issued by the Court and to submit a valid, signed complaint that satisfies the requirements of Rule 11 warrants dismissal of this case pursuant to Fed. R. Civ. P. 41(b) for failure to prosecute this matter. *See Link v. Wabash R.R.*, 370 U.S. 626, 630-631 (1962). *See also Jourdan v. Jabe*, 951 F.2d 108, 109-10 (6th Cir. 1991). District courts have this power to dismiss civil actions for want of prosecution to "manage their own affairs so as to achieve the orderly and expeditious disposition of cases." *Link*, 370 U.S. at 630-631; *Jourdan*, 951 F.2d at 109.

**IT IS THEREFORE RECOMMENDED THAT:**

(1) The complaint be **STRICKEN** pursuant to Fed. R. Civ. P. 11, and this case be **DISMISSED** with prejudice for want of prosecution.

(2) Defendant's motion to dismiss the complaint on the ground it is deficient (Doc. 13) and defendant's motion to dismiss the lawsuit for lack of prosecution (Doc. 23) be **DENIED** as moot.

Date: 9/16/13

Karen L. Litkovitz, Magistrate Judge
United States District Court

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

LARRY BELCHER,
    Plaintiff,

vs.

WARDEN, SOUTHERN OHIO
CORRECTIONAL FACILITY, et al.,
    Defendants.

Case No. 1:12-cv-985

Weber, J.
Litkovitz, M.J.

**NOTICE**

Pursuant to Fed. R. Civ. P. 72(b), **WITHIN 14 DAYS** after being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations. This period may be extended further by the Court on timely motion for an extension. Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendation is based in whole or in part upon matters occurring on the record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon, or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections **WITHIN 14 DAYS** after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).

4

**SENDER: COMPLETE THIS SECTION**

- Complete items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

Larry Belcher A649918
931 Oakwood Ave
Toledo, OH 43607

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature
X ☒ Agent
☐ Addressee

B. Received by (Printed Name)

C. Date of Delivery

D. Is delivery address different from item 1? ☐ Yes
If YES, enter delivery address below: ☐ No

3. Service Type
☒ Certified Mail  ☐ Express Mail
☐ Registered  ☐ Return Receipt for Merchandise
☐ Insured Mail  ☐ C.O.D.

4. Restricted Delivery? (Extra Fee) ☐ Yes

2. Article Number
(Transfer from service label)

7011 3500 0001 5345 9411

PS Form 3811, February 2004  Domestic Return Receipt  102595-02-M-1540